### Spaulding *versus* Adams.

A lien, *created by contract*, is not discharged by permitting the general owner or his assignee to take possession of the property, if it may be done consistently with the contract, and the course of business, and the intention of the parties.

Where one, entitled to a lien on property, conducts respecting it, in a manner inconsistent with the preservation of his lien, the presumption is that he has waived or abandoned it, unless such conduct be satisfactorily explained.

TROVER for five hundred and twenty-one mill logs, which the plaintiff claims to hold under a lien, according to an agreement with the owner for driving the same. The case was submitted to the court upon the depositions of Norris and of Alexander with some other agreed facts.

Alexander owned the logs. He employed the plaintiff to drive them to Veazie's boom, at seventy-five cents per thous-

and feet, and in the contract, which was in writing, gave to the plaintiff a lien on the logs, to secure the pay for driving. On the back of that contract, was an assignment of it by the plaintiff to H. O. & S. H. Hussey.

The plaintiff drove the logs according to the contract, and has received no pay.

After the logs were at Veazie's boom, Alexander sold the logs to the defendant, who manufactured and sold them, and paid Alexander for them.

There was a statement in one of the depositions, slightly tending to show that the plaintiff was present at the sale by Alexander to the defendant. The other deposition denied that fact.

A further exposition of facts will appear in the opinion.

*Carr,* for the plaintiff.

*A. W. Paine,* for the defendant.

SHEPLEY, C. J. — The case is submitted upon an agreed statement composed in part of the depositions of James J. Norris and Hugh Alexander, with authority to make such inferences from the testimony as a jury would be authorized to do.

The contract made on April 14, 1848, between the plaintiff and Hugh Alexander, who was the owner of 521 logs, estimated to make 210 thousand feet of boards, secured to the plaintiff a lien on the logs for the payment of seventy-five cents per thousand feet for " driving" them to Veazie's boom, to be paid when the logs were driven into the boom.

When a lien, as in this case, is created by contract, it is not discharged by permitting the general owner, or his assignee, to take possession of the property, if it may be done consistently with the contract, the course of business, and the intention of the parties. *Bradeen* v. *Brooks,* 22 Maine, 463; *Oakes* v. *Moore,* 24 Maine, 214.

When a person, entitled to a lien on property, conducts respecting it in a manner inconsistent with the preservation of his lien, the presumption is, that he has waived or abandoned it, unless such conduct be satisfactorily explained.

Hence it has been held, that one, who has a lien upon goods, waives it by causing them to be attached to secure the debt, by which the lien is upheld. *Legg* v. *Willard,* 17 Pick. 140. ; — and

that it is waived by taking a negotiable promissory note for the debt secured by the lien. *Hutchins* v. *Olcott,* 4 Verm. 549; *Chapman* v. *Searle,* 3 Pick. 38. ; — and

that it is waived by claiming to be the general owner of the property subject to the lien. *Picquet* v. *McKay,* 2 Blackf. 465.

The counsel for the defendant insists, that the plaintiff is precluded from asserting a lien upon the logs, by proof that he was present, when Alexander sold them to the defendant, without intimating that he had a lien or claim upon them. The burden of proof is upon the defendant to establish these facts ; and the testimony fails to prove them.

It does appear by the testimony of Norris, that the plaintiff and his partner, after the logs had been floated to the boom and sold to the defendant, and therefore after the plaintiff became entitled to his pay for driving them, " commenced running the logs from the boom to Indian Island, near the mills in Bradley, in which they were sawed, and continued to run them until they were all run and sawed up." " I sawed the lumber, (says Norris,) and saw said Spaulding very frequently, sometimes every day, while engaged in running the logs to the mill. He never made any mention of any claim to the logs." According to this testimony the plaintiff assisted the purchaser to take possession of the logs for the purpose of having them sawed and converted to his own use, without making known that he had any lien or claim upon them. This was conduct so inconsistent with the preservation of his lien upon them, that it must be regarded as waived or abandoned.

He appears to have assigned his rights, or to have attempted to do so, on May 8, 1848, before his labors were completed so as to entitle him to a lien, to H. O. & S. P. Hussey. This assignment at most could have the effect only to convey to

them whatever rights he might obtain and preserve in the property. It could not prevent his conducting in such a manner as to destroy those rights, when it does not appear to have been made known ·to the owner of the logs or to any person in possession of them, until after the logs had been sawed into lumber, which had been sold. *Plaintiff nonsuit.*